IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMPUS LIFE & STYLE, a/a/f The Blake, Plaintiff, v. KRISTIAN JORDAN, et al., Defendants. | CIVIL ACTION NO. 1:21-cv-3866-JPB-CMS |

**FINAL REPORT AND RECOMMENDATION AND ORDER**

This civil action stems from a dispossessory proceeding filed in the Magistrate Court of Cobb County by Campus Life and Style a/a/f The Blake against Kristian Jordan and all other occupants. *See* [Doc. 1-1 at 11]. Proceeding pro se, Jordan has filed in this Court a Notice of Removal [Doc. 1-1 at 1–14] and an application for permission to proceed in forma pauperis (IFP) [Doc. 1]. Jordan contends that the dispossessory proceeding violates her federal rights. *See* [Doc. 1-1 at 1–14]. For the reasons stated below, I will recommend that this action be remanded to the Magistrate Court of Cobb County, and I will deny without prejudice Jordan's application for permission to proceed IFP.

The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

(1994)).  Jurisdiction is limited in the first instance by the Constitution, *see* U.S. CONST., art. III, § 2, and "lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'"  *Id.* (quoting *Insurance Co. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).  As relevant here, "Congress granted federal courts jurisdiction over two general types of cases:  cases that 'aris[e] under' federal law, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Id.* (quoting 28 U.S.C. § 1331 and citing 28 U.S.C. § 1332(a)).  "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id.*

"In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." *Home Depot*, 139 S. Ct. at 1746.  For example, "the defendant or defendants in a state-court action over which the federal courts would have original jurisdiction [may] remove that action to federal court." *Id.* (quotation marks omitted).  "To remove under [§ 1441(a)], a party must meet the requirements for removal detailed in other provisions." *Id.*  Among those requirements are that the defendant file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders

2

served upon such defendant." 28 U.S.C. § 1446(a). The party seeking removal bears the burden of establishing that federal jurisdiction exists. *See, e.g.*, *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). If the notice of removal, together with its attachments, does not satisfy that burden and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Jordan's notice of removal does not establish that federal question jurisdiction exists here because Campus Life and Style asserted no federal claims in the complaint. It is axiomatic that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the facts of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* And it is well-established that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Consequently, because Campus Life and Style asserted no federal claims, this civil action may not be removed on the basis of federal question

jurisdiction, no matter what federal counterclaims or defenses Jordan now seeks to assert.[1]

Nor did Jordan's notice of removal establish that diversity jurisdiction exists here. First, Jordan's notice of removal made no attempt to plead facts that would establish that diversity of citizenship exists between the parties so that removal is appropriate pursuant to 28 U.S.C. § 1441(b). And, second, even if Jordan had argued that diversity exists, it plainly appears from the face of the complaint attached to the notice of removal that the amount in controversy is far below the $75,000 threshold. *See* [Doc. 1-1 at 11].

Accordingly, I find and conclude that Jordan has failed to meet the burden to establish that this Court has original jurisdiction, and I **RECOMMEND** that this civil action be remanded to the Magistrate Court of Cobb County pursuant to 28 U.S.C. § 1447(c).

---

[1] Nor, contrary to Jordan's suggestion, do Campus Life and Style's state-law claims implicate significant federal issues that give rise to federal jurisdiction. *See* [Doc. 1-1 at 2–3]. As the Supreme Court has emphasized: "federal jurisdiction over a state law claim will lie [only] if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This civil action does not fall into this "special and small category" of cases. *Id.*

I **DENY WITHOUT PREJUDICE** Jordan's motion for permission to proceed IFP because it is incomplete.  *See* [Doc. 1].

I **ORDER** Jordan either (A) **TO PAY** the $402 due in case initiation fees or (B) **TO SUBMIT** a complete IFP affidavit WITHIN SEVEN DAYS of the entry date of this Order.  I caution Jordan that failure to comply fully with a lawful court order is an independent ground for dismissal.  *See* LR 41.3(A)(2), NDGa.

**SO REPORTED, RECOMMENDED, AND ORDERED**, this 22nd day of September, 2021.

_____
Catherine M. Salinas
United States Magistrate Judge